Kent F. Larsen, Esq.
Nevada Bar. No. 3463
SMITH LARSEN & WIXOM
1935 Village Center Circle
Las Vegas, Nevada 89134
(702) 252-5002

Cass C. Butler, Esq.
*Admitted Pro Hac Vice*
Michael D. Stanger, Esq.
Nevada Bar No. 8272
CALLISTER NEBEKER & McCULLOUGH
Zions Bank Building
10 East South Temple, Suite 900
Salt Lake City, Utah 84133
(801) 530-7300

Attorneys for Defendant, Counter-Claimant and
Third-Party Plaintiff, R& O Construction Company

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| WEST CHARLESTON LOFTS I, LLC, a Nevada limited liability company; WCL COMMERCIAL, LLC, a Nevada limited liability company, | ) ) ) Case No.: 2:09-cv-00392-PMP-LRL ) ) |
| Plaintiffs and Counterclaim Defendants, | ) ) ) |
| vs. | ) **MOTION TO ENLARGE TIME FOR** ) **SERVICE OF SUMMONS AND** |
| R&O CONSTRUCTION COMPANY, a Utah corporation; DOES I through X; and ROE CORPORATIONS I through X, inclusive | ) **COMPLAINT** ) ) ) |
| Defendant and Counterclaimant | ) ) |
| R&O CONSTRUCTION COMPANY, a Utah corporation, | ) ) ) |
| Third-Party Plaintiff, | ) ) |

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL. (702) 252-5002 • FAX (702) 252-5006

vs.                                                    )
                                                       )
CHARLES G. HALL, an individual;                        )
CHRISTINA J. HALL, an individual;                      )
MENAHG II, LLC, a Nevada limited liability             )
company; PIERRE GATEL, an individual; LEE              )
JIEUN, as Trustee of the LEE NEVADA                    )
TRUST, an individual; TINA LO, an                      )
individual; SCOTT CLEMENTS; an individual;             )
PARK209 LLC, a Nevada limited liability                )
company; SUZANNE RENEE WEST, an                        )
individual; HONG HUNT, an individual;                  )
JAMES C. HUNT JR., an individual; DLS RP,              )
LLC, a Nevada limited liability company;               )
MARK A. STUHMER, an individual;                        )
EUGENE ANTHONY RAH, an individual;                     )
HAYMAN PROPERTIES, LLC, a Nevada                       )
limited liability company; DARREN CAHILL,              )
an individual; VICTORIA CAHILL, an                     )
individual; ULTRA INVESTMENTS, LLC, a                  )
Nevada limited liability company; GREGORY              )
FREEMAN, an individual; THOM A.                        )
ANTONOPOLOUS, an individual; CANDACE                   )
BAILEY, an individual; JILL ECKHAUS, an                )
individual; AUGUST W. CHANG, an                        )
individual; GAMOCS, LLC, a Nevada limited              )
liability company; JAMES W. PENGILLY, as               )
Trustee of the JAMES W. PENGILLY TRUST;                )
SARAH WILLEY, a Nevada limited liability               )
company; GARY M. FREY, an individual;                  )
MARIO ERNST, an individual; SUSAN                      )
STONE, as Trustee of the STONE CREST                   )
TRUST; VICTORIA O'GARA, as Trustee of                  )
the VICTORIA O'GARA TRUST; PERRY                       )
GORE, and MARY GORE, as Trustee of the                 )
GZ SPENDTHRIFT TRUST; BLAKE L.                         )
SARTINI II, an individual; JBIZ HOLDINGS               )
LLC, a Nevada limited liability company                )
individual;                                            )
         Third-Party Defendants.                       )
_____                )

- 2 -

SMITH LARSEN & WIXOM
A T T O R N E Y S
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL. (702) 252-5002 • FAX (702) 252-5006

**MOTION TO ENLARGE TIME FOR SERVICE OF SUMMONS AND COMPLAINT**

Defendant/Counterclaimant/Third-Party Plaintiff R&O Construction Company ("R&O"), by and through its counsel of record, hereby submits its Motion to Enlarge Time for Service of the Summons and Complaint.

This Motion is made and based upon the Points and Authorities attached hereto, the papers and pleadings on file herein, and such oral argument as may be entertained by the Court at the time and place of the hearing of this matter.

**POINTS AND AUTHORITIES**

**I.**

**RELEVANT BACKGROUND**

On July 23, 2012, R&O's Third Amended Third-Party Complaint (the "Amended Complaint") was filed as Document No. 187.   Pursuant to Fed.R.Civ.P. 4(m), the Amended Complaint is to be served within 120 days of filing, which is November 20, 2012.  However, despite due diligence in serving all parties with the Amended Complaint, there are three parties that R&O will be unable to serve within the 120 period - Suzanne West ("West"), Eugene Rah ("Rah"), and Sarah Willey ("Willey").   Below is a summary of the attempts to serve West, Rah, and Willey.

**West**

Attempted service was made on West at her last known address by Bert Lott, process server # 1471, on October 17, 2102, October 22, 2012, October 25, 2012, and October 27, 2012.  *See* Exhibit A. On each occasion, no response was received at the door, and no lights were observed on at the residence. *See id.* Mr. Lott did speak with a neighbor who indicated that she believes West's son lives at the last known address, but he travels often and is away from the property for the

- 3 -

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL (702) 252-5002 • FAX (702) 252-5006

majority of the time. *See id.* Mr. Lott was unable to confirm if West lives at the last known address.[1]

**Rah**

Attempted service was made on Rah at his last known address by Mr. Lott on October 22, 2012. *See* Exhibit B. On this occasion, Mr. Lott was informed by the occupant that Rah no longer lives at this last known address. *See id.*

**Willey**

Attempted service was made on Willey at her last known address by Mr. Lott on October 17, 2102, October 22, 2012, October 25, 2012, and October 27, 2012. *See* Exhibit C. On each occasion, no response was received at the door, no lights were observed on at the residence, and Mr. Lott could not obtain a response, or other information regarding Willey's whereabouts, from the neighbors. *See id.*

## II.

### LEGAL STANDARD

Rule 4 states as follows, in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court ***must*** extend the time for service for an appropriate period.

(emphasis added).[2] "Rule 4(m) ... *requires* a district court to grant an extension of time when the

---

[1]

As noted below in Section III, West clearly has knowledge of this lawsuit, as she has filed a Joinder to a Motion to Dismiss and filed her own Motion for Judgment on the Pleadings.

[2]

*See also* Fed.R.Civ.P. 6(b), which states that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time ... with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Here, the original time

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL. (702) 252-5002 • FAX (702) 252-5006

plaintiff shows good cause for the delay.  Additionally, the rule permits the district court to grant an extension even in the absence of good cause.  *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007) (emphasis in original).

> District courts have broad discretion to extend time for service under Rule 4(m). In *Henderson v. United States*, 517 U.S. 654, 661, 116 S.Ct. 1638, 134 L.Ed.2d 880 (1996), the Supreme Court stated that Rule 4's 120-day time period for service "operates not as an outer limit subject to reduction, but as an irreducible allowance." This court in *Mann*, held that Rule 4(m) gave the district court discretion to extend time of service. On its face, Rule 4(m) does not tie the hands of the district court after the 120-day period has expired.

*Id.* at 1041 (citations omitted).

> Under the Rule [4] a plaintiff has two potential avenues to relief from a dismissal for failure to comply with the 120-day service window: first, he may establish "good cause" for his failure to timely serve the defendant, in which case the district court *must* grant an enlargement of time for service, second, the district court *may*, in its discretion, grant an extension even if plaintiff has, not demonstrated "good cause."

*Brandon H. v. Kennewick School Dist. No. 17*, 133 F.3d 925 at *1 (9th Cir. 1997) (citations omitted; emphasis in original).

"At a minimum, 'good cause' means excusable neglect. Further, the court may grant an extension even in the absence of good cause, taking into account various factors: 'a statute of limitations bar, prejudice to the defendant, actual notice of the lawsuit, and eventual service.'" *Tain v. Hennessey*, 2009 WL 2151883 at *1 (S.D. Cal. 2009) (citations omitted).

## III.

## **LEGAL ARGUMENT**

As noted above, there is good cause for R&O's inability to serve West, Rah, and Willey with

---

to serve the Amended Complaint has not expired.  But, as will be discussed below, R&O has good cause for not serving West, Rah, and Willey.

SMITH LARSEN & WIXOM
A T T O R N E Y S
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL. (702) 252-5002 • FAX (702) 252-5006

the Summons and Complaint within the 120 time period, despite R&O's attempts at service. Moreover, with regard to West, she clearly has knowledge of the suit and is therefore not prejudiced by not yet being served. In fact, West had demonstrated her knowledge of the suit by filing a Joinder to Third-Party Defendant Park 209's Motion to Dismiss (*see* Dkt. 248) and by filing her own Motion for Judgment on the Pleadings (*see* Dkt. 189).

Moreover, it appears from the Mr. Lott's Proofs of Service, *see* Exhibits A-C attached hereto, that West, Rah, and Willey may no longer reside at their last known address. Therefore, R&O needs additional time to conduct a "skip trace" or to otherwise locate the third-party defendants, which R&O believes will lead to the eventual service of process. *See Tain*, 2009 WL 2151883 at *1 ("the court may grant an extension even in the absence of good cause, taking into account various factors: 'a statute of limitations bar, prejudice to the defendant, actual notice of the lawsuit, and eventual service").

Based upon the foregoing, R&O respectfully requests an additional 90-120 days to serve West, Rah, and Willey, as well as any other third-party defendant that may not have been served yet.[3] R&O has demonstrated good cause, and under Rule 4, the Court must grant R&O an extension to serve the Amended Complaint and Summons. *See Efaw*, 473 F.3d at 1040.

However, if for some reason the Court finds that R&O has not demonstrated good cause, the Court still has discretion to grant R&O's request for enlargement of time, which R&O requests. *See id*. This is supported by the facts mentioned above, as well as the fact that there are 29 third-party

---

[3] Upon information and belief, all other third-party defendants have been served, but in the event that this information is incorrect, R&O respectfully requests that any Order granting this Motion enlarges the time for service as to all third-party defendants.

- 6 -

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL: (702) 252-5002 • FAX: (702) 252-5006

defendants, and R&O has served all but three within the original 120 time period after filing the Amended Complaint.  Thus, it is evident that R&O has been diligent in serving, or attempting to serve, the Summons and Amended Complaint on all third-party defendants.  Therefore, R&O respectfully requests 90-120 additional days to serve the Summons and Amended Complaint.

**IV.**

**CONCLUSION**

Based upon the foregoing, R&O respectfully requests that the Court grant R&O's Motion to Enlarge Time for Service of the Summons and Complaint.

DATED this 20th day of November, 2012

SMITH LARSEN & WIXOM

/s/ Kent F. Larsen, Esq.

Kent F. Larsen, Esq.
Nevada Bar. No. 3463
SMITH LARSEN & WIXOM
1935 Village Center Circle
Las Vegas, Nevada  89134
(702) 252-5002

Michael D. Stanger, Esq.
CALLISTER NEBEKER & McCULLOUGH
Zions Bank Building
10 East South Temple, Suite 900
Salt Lake City, Utah  84133
(801) 530-7300

Attorneys for Third-Party Plaintiff,
R&O Construction Company

- 7 -

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL. (702) 252-5002 • FAX (702) 252-5006

## CERTIFICATE OF MAILING

I HEREBY CERTIFY that on the 20ᵗ day of November, 2012, service of the foregoing **Motion to Enlarge Time for Service of Summons and Complaint** was served electronically via CM/ECF and/or mailed, postage prepaid, to the following:

Charles G. Hall, III & Christina J. Hall
11441 Allerton Park Drive, #201
Las Vegas, NV 89135-3375

Menahg II, LLC
c/o Premier Trust, Inc.
4465 S. Jones Boulevard
Las Vegas, NV 89103

Pierre Gatel
11441 Allerton Park Drive, #204
Las Vegas, NV 89135

Christina H. Wang, Esq.
Fidelity National Law Group
2450 St. Rose Pkwy., Ste. 150
Henderson, Nevada 89074
Attorneys for Third-Party Defendants
Jieun Lee, as Trustee of the Lee Nevada Trust;
and Perry Gore and Mary Gore,
as Trustees of the GZ Spendthrift Trust

James C. Hunt
11441 Allerton Park Drive, #211
Las Vegas, NV 89135

DLS RP LLC
2767 North Tenaya Way
Las Vegas, NV 89128

Eugene Anthony Rah
11441 Allerton Park Drive, #214
Las Vegas, NV 89135-3375

Darren & Victoria Cahill
2661 Red Arrow Drive
Las Vegas, NV 89135

Gregory Freeman
32 Cross Ridge Street
Las Vegas, NV 89135

Aaron R. Maurice, Esq.
Woods Erickson & Maurice, LLP
1349 W. Galleria Drive, Suite 200
Henderson, NV 89014
Attorneys for Third-Party Defendant
Thom A. Antonopoulos

Candace Bailey
11441 Allerton Park Drive, #405
Las Vegas, NV 89135-3375

Hayman Properties, LLC
c/o L&R Service Company of Nevada
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

Hayman Propertiesm, LLC
c/o: Jennifer Merrill
13 Vintage Court
Las Vegas, NV 89113-1353

Ultra Investments, LLC
c/o Doug Sawyer
2816 Summer Lake Drive
Las Vegas, NV 89128

Jill Eckhaus
546 7ᵗʰ Street
Huntington Beach, CA 92648

August W. Chang
11441 Allerton Park Drive, #408
Las Vegas, NV 89135-3377

- 8 -

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL (702) 252-5002 • FAX (702) 252-5006

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL (702) 252-5002 • FAX (702) 252-5006

1   James W. Pengilly
2   James W. Pengilly Trust
    1755 Village Center Circle
3   Las Vegas, NV 89134

4   Gary M. Frey
5   Mario Ernst
    1088 Villa Grove
6   Pacific Palisades, CA 90272-3945

7   The Victoria O'Gara Trust
    1061 Woodland Drive
8   Beverly Hills, CA 90210-2936

9
    Blake L. Sartini, II
10  P.O. Box 31106
11  Las Vegas, NV 89173-1106

12  Susan Stone
    Stone Crest Trust
13  1658 Crest Drive
    Encinitas, CA 92024-5211
14
15  WCL Commercial, LLC
    9500 Hillwood Drive, Suite 200
16  Las Vegas, NV 89134

17  West Charleston Lofts, I, LLC
    c/o John M. Sacco
18  1001 Park Run Drive
19  Las Vegas, NV 89145

20  Dale A. Hayes, Jr., Esq.
21  1050 Indigo Drive, Suite 120
    Las Vegas, NV 89145
22

Gamocs, LLC
4616 W. Sahara Avenue
Las Vegas, NV 89102

Gamocs, LLC
c/o Cane Clark Agency, LLC
3273 E. Warm Springs Road
Las Vegas, NV 89120

IT IS ORDERED that the deadline for service of Summons and Complaint is extended 90 days from the date of entry of this order.

*[signature]*

PHILIP M. PRO
UNITED STATES DISTRICT JUDGE

Dated:  November 21, 2012.

*[signature]*

An Employee of SMITH, LARSEN & WIXOM

- 9 -