UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

|  |  |
|---|---|
| WEST CHARLESTON LOFTS I, LLC and WCL COMMERCIAL, LLC, <br><br>　　　　　Plaintiffs, <br><br>v. <br><br>R&O CONSTRUCTION COMPANY, <br><br>　　　　　Defendant. <br><br>AND ALL RELATED THIRD PARTY CLAIMS. | 2:09-cv-00392-PMP-VCF <br><br><br>ORDER |

　　　　Presently before the Court is Third Party Defendant Park 209 LLC's ("Park 209") Motion to Dismiss (Doc. #243) supported by a Request for Judicial Notice (Doc. #244), filed on November 6, 2012. Third Party Defendant Suzanne Renee West ("West") filed a Joinder (Doc. #248) on November 14, 2012. Third Party Plaintiff R&O Construction Company ("R&O") filed an Opposition (Doc. #255) on November 21, 2012. Park 209 filed a Reply (Doc. #263) on December 5, 2012. West filed a Joinder (Doc. #266) on December 19, 2012.

　　　　Also before the Court is Third Party Defendant Thom Antonopoulos's ("Antonopoulos") Motion to Dismiss (Doc. #257) supported by a Request for Judicial Notice (Doc. #258), filed on November 26, 2012. West filed a Joinder (Doc. #261) supported by a Request for Judicial Notice (Doc. #262) on November 29, 2012. R&O filed an Opposition (Doc. #264) on December 13, 2012. Antonopoulos filed a Reply (Doc.

#274) on December 24, 2012.  The Court held a hearing on these motions on January 7, 2013.  (Mins. of Proceedings (Doc. #284).)

**I. BACKGROUND**

R&O performed work at the West Charleston Lofts Project (the "Project") for which it was not completely paid.  (Am. Third Party Compl. (Doc. #187) at 7.)  A deficiency of approximately $682,595 remains.  (Id. at 8.)  R&O filed Notices of Lien against the Project in January 2009.  (Id.)  R&O alleges that it sent copies of the Notices of Lien to the respective condominium owners in West Charleston Lofts.  (Id.)  R&O further alleges that it complied with Nevada Revised Statutes §§ 108.221-.246 in serving and recording the Notices of Lien.  (Id.)  According to the Amended Third Party Complaint, "[a]ny subsequent purchasers of the condominium units at the Project have taken title with record notice of R&O's mechanics liens."  (Id.)  Through the Amended Third Party Complaint, R&O asserts claims for foreclosure on mechanic's liens and unjust enrichment against various subsequent purchasers of condominium units at the Project.  (Id. at 8-10.)

Third Party Defendants Park 209, Antonopoulos, and West are unit owners at West Charleston Lofts.  Park 209 and Antonopoulos move for dismissal, and West joins the Motions.  The Third Party Defendants argue that R&O cannot pursue a foreclosure claim against them because R&O failed to file a notice of pendency of action as required by the Nevada mechanic's lien statutes.  The Third Party Defendants also argue that because R&O failed to file a notice of pendency of action, R&O's recorded Notice of Lien expired after six months and cannot serve as record notice.  Finally, Antonopoulos argues he is a bona fide purchaser for value without notice.  As to the unjust enrichment claim, the Third Party Defendants argue an unjust enrichment claim is inappropriate because a written contract existed between R&O and West Charleston Lofts, and because the Third Party Defendants did not request or agree to allow R&O to perform any work for them.

///

2

R&O responds that failure to file a notice of pendency of action does not automatically preclude suit on the lien so long as the other party had actual or constructive notice of the lien. R&O argues that other recorded documents--specifically a Notice of Discharge, a Notice of Appeal, and a Notice of Appellate Ruling--serve the functional equivalent of a notice of pendency of action. R&O contends the Third Party Defendants thus had constructive notice of R&O's lien. R&O also argues Park 209 had actual notice of R&O's liens through its managing member. R&O further asserts the Notice of Lien did not expire because a lien expires only if no action to foreclose on the lien is commenced within six months after recording the lien. R&O contends it recorded the liens on January 2, 2009 and filed a foreclosure action on March 11, 2009, and thus its Notice of Lien did not expire. As to Antonopoulos's status as a bona fide purchaser without notice, R&O argues this is an affirmative defense for which Antonpoulos and the other Third Party Defendants bear the burden of proof, and thus this issue is not suitable for determination on a motion to dismiss for failure to state a claim.

As to the unjust enrichment claim, R&O responds that the existence of an express written contract bars an unjust enrichment claim only when the agreement exists between the plaintiff and the defendant. R&O contends that because there was no express agreement between R&O and the Third Party Defendants, the unjust enrichment claim is not barred.

**II. MOTIONS TO DISMISS**

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." Wyler Summit P'ship v. Turner Broad. Sys., Inc., 135 F.3d 658, 661 (9th Cir. 1998). However, the Court does not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in the plaintiff's complaint. See Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994). There is a strong presumption against dismissing an action for failure to state a claim. Ileto v. Glock Inc., 349 F.3d 1191,

1200 (9th Cir. 2003).  A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief.  <u>Bell Atl. Corp. v Twombly</u>, 550 U.S. 544, 556 (2007).  Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action."  <u>Id.</u> at 555.

### A.  Filing a Notice of Pending Action

"A mechanic's lien is a statutory creature established to help ensure payment for work or materials provided for construction or improvements on land."  <u>In re Fontainebleau Las Vegas Holdings</u>, 289 P.3d 1199, 1210 (Nev. 2012).  Pursuant to Nevada Revised Statutes § 108.239(1), a notice of lien may be enforced by a lawsuit in which the complaint sets forth the demand and a description of the property charged with the lien.  Pursuant to § 108.239(2), the party seeking to enforce the lien "shall," among other things, "[a]t the time of filing the complaint and issuing the summons . . . [f]ile a notice of pendency of the action in the manner provided in NRS 14.010."

Section 14.010 provides:

> 1. In an action for the foreclosure of a mortgage upon real property, or affecting the title or possession of real property, the plaintiff, at the time of filing the complaint . . . shall record with the recorder of the county in which the property, or some part thereof, is situated, a notice of the pendency of the action, containing the names of the parties, the object of the action and a description of the property in that county affected thereby . . . .
> 2. A notice of an action affecting real property, which is pending in any United States District Court for the District of Nevada may be recorded and indexed in the same manner and in the same place as provided with respect to actions pending in courts of this state.
> 3. From the time of recording only, . . . the pendency of the action is constructive notice to a purchaser or encumbrancer of the property affected thereby.  In case of the foreclosure of the mortgage, all purchasers or encumbrancers, by unrecorded deed or other instrument in writing made before the recording of the notice, and after the date of the mortgage, shall be deemed purchasers or encumbrancers after the recording of the notice, and subject thereto, unless NRS 14.017 is applicable or they can show that, at the time of recording the notice, the plaintiff had actual notice of the purchase or encumbrance.

Section 14.017 provides that upon withdrawal of a notice of pendency of action, even

someone who had actual knowledge shall be deemed to be without notice of the lien to allow for transferability of real property after a notice of pendency of action is withdrawn.

Nevada has not specifically addressed whether failure to file a notice of pendency of action precludes suit on the lien. The Court therefore must predict what Nevada would do. "Where the state's highest court has not decided an issue, the task of the federal courts is to predict how the state high court would resolve it." Giles v. Gen. Motors Acceptance Corp., 494 F.3d 865, 872 (9th Cir. 2007) (quotation omitted). "In answering that question, this court looks for 'guidance' to decisions by intermediate appellate courts of the state and by courts in other jurisdictions." Id. (quotation omitted).

Although § 108.239(2) states a lienholder "shall" file a notice of pendency of action, that section does not specify the consequences for failure to do so. However, § 108.239(2) refers to § 14.010, which provides for the consequence: constructive notice is not imparted until the notice of pendency of action is recorded. Nothing in the statutory language suggests that failure to record the notice precludes suit on the claim. Rather, the consequence of the failure to record is the lienholder subjects himself to potential bona fide purchaser for value defenses for lack of constructive notice.

This conclusion is consistent with other Nevada case law which holds that failure to file a pre-lien notice under Nevada Revised Statutes § 108.245, which also uses the word "shall," does not bar suit on the lien where the other party had actual notice of the potential lien claim and the other party was not prejudiced by failure to receive the statutory notice. Fondren v. K/L Complex, Ltd., 800 P.2d 719, 721-22 (Nev. 1990). It also is consistent with the purpose of recording a notice of pending action, which is "to cloud title before a sale of property occurs so that the claims of a party may be resolved before transfer of title." Coury v. Tran, 895 P.2d 650, 653 (Nev. 1995) (emphasis omitted).

Consequently, failure to file a notice of pendency of action does not deprive the Court of jurisdiction over the matter or otherwise preclude suit on the lien. Rather, failure

to file the notice merely affects whether subsequent purchasers had actual or constructive notice of the lien. See Patten-Blinn Lumber Co. v. Francis, 333 P.2d 255, 257-60 (Cal. Ct. App. 1958) (interpreting a similar provision in California law); Pitt v. Rodgers, 104 F. 387, 390 (9th Cir. 1900) (stating that under a prior version of the Nevada statute, "purchasers are not charged with constructive notice of the pendency of an action affecting the title to real estate, unless at the date of their purchase there is on file with the recorder of the county in which the property is situated a notice of the pendency of such action"). The Court therefore will deny the Third Party Defendants' Motions on this basis.

### B. Bona Fide Purchaser Without Notice

The parties' arguments regarding whether the Third Party Defendants took without actual or constructive notice are premature in the context of a motion to dismiss for failure to state a claim. Bona fide purchaser status is an affirmative defense for which the Third Party Defendants bear the burden of proof. Nev. Rev. Stat. § 111.325; Berge v. Fredericks, 591 P.2d 246, 247-48 (Nev. 1979). R&O need not anticipate and plead facts to defeat an affirmative defense to survive a motion to dismiss for failure to state a claim. Indep. Trust Corp. v. Stewart Info. Servs. Corp., 665 F.3d 930, 935 (7th Cir. 2012); Fed. R. Civ. P. 8(a), (c). The Court therefore will deny the Third Party Defendants' Motions on this basis.

### C. Unjust Enrichment

Under Nevada law, unjust enrichment "occurs whenever a person has and retains a benefit which in equity and good conscience belongs to another." In re Amerco Derivative Litig., 252 P.3d 681, 703 (Nev. 2011) (quotation omitted); Leasepartners Corp. v. Robert L. Brooks Trust Dated Nov. 12, 1975, 942 P.2d 182, 187 (Nev. 1997). An unjust enrichment claim cannot lie where an express written contract exists "because no agreement can be implied when there is an express agreement." Leasepartners, 942 P.2d at 187.

///

Although a written agreement existed between R&O and West Charleston Lofts, no agreement existed between R&O and any of the Third Party Defendants. Under Leasepartners, an unjust enrichment claim may lie under these circumstances. See id. at 183-85, 187. Consequently, R&O's unjust enrichment claim against the Third Party Defendants is not precluded based on the existence of a written agreement between R&O and West Charleston Lofts. The Court therefore will deny the Third Party Defendants' Motions on this basis.

Finally, the Court disagrees with the Third Party Defendants' interpretation of Certified Fire Protection, Inc. v. Precision Construction, Inc., 283 P.3d 250 (Nev. 2012). The Third Party Defendants contend that under Certified, a required element of any unjust enrichment claim is that the benefit must be conferred at the defendant's request. Certified states: "Quantum meruit, then, is the usual measurement of enrichment in cases where nonreturnable benefits have been furnished at the defendant's request, but where the parties made no enforceable agreement as to price." 283 P.3d at 257 (quotation omitted). However, Certified does not set forth a rule of law that in all unjust enrichment cases, the benefit conferred must be at the defendant's request. Rather, Certified dealt with whether a benefit was conferred where the defendant could not use any of the plaintiff's work to complete the project. Id. at 258.

Requiring that the benefit be conferred at the defendant's request as a necessary element of an unjust enrichment claim would conflict with other Nevada Supreme Court authority. The defendant in Leasepartners had not requested the work performed by the plaintiff. 942 P.2d at 183-85, 187-88. The Nevada Supreme Court nevertheless found the plaintiff had a potentially viable unjust enrichment claim. Id. at 187-88. Leasepartners neither stated nor applied a rule that the benefit must be conferred at the defendant's request. If the Nevada Supreme Court intended to overrule Leasepartners on this point, it would have said so. The Court therefore will deny the Third Party Defendants' Motions to

Dismiss on this basis.

### III. CONCLUSION

IT IS THEREFORE ORDERED that Third Party Defendant Park 209 LLC's Motion to Dismiss (Doc. #243) and Third Party Defendant Suzanne Renee West's Joinder (Doc. #248) are hereby DENIED.

IT IS FURTHER ORDERED that Third Party Defendant Thom Antonopoulos's Motion to Dismiss (Doc. #257) and Third Party Defendant Suzanne Renee West's Joinder (Doc. #261) are hereby DENIED.

DATED: January 15, 2013

_____
PHILIP M. PRO
United States District Judge